WILLIAM D. FULLER,

Grand Rapids, Mich.

Entered as second class matter at the Grand Rapids Postoffice.

### ARWOOD McPHEE v. THE CIRCUIT JUDGES OF WAYNE COUNTY.

CRIMINAL LAW—APPEAL FROM CONVICTION BEFORE A JUSTICE OF THE PEACE.—ENFORCEMENT OF APPEARANCE OF RESPONDENT AT CIRCUIT COURT.

Relator applied for *mandamus* to compel the respondent to vacate certain proceedings resulting in the forfeiture of his recognizance to appear at the Circuit Court and answer to an information to be filed against him for assault and battery, the issuance of a *capias* for his arrest, and the requirement that he enter into a new recognizance for his appearance. An order to show cause was denied.

*Hamilton Balus,* for relator.

The facts as alleged in the petition for *mandamus* were as follows: McPhee was convicted in justice's court of the offense of assault and battery. He desired to appeal to the circuit court, and was required by the justice to recognize, in the form applicable to a case of felony, for his appearance at the circuit court, to answer to an information that might be filed against him for said offense. McPhee failed to appear, and was brought before the court upon a *capias* issued under How. Stat. sec. 9575, which provides that "when any person, under recognizance on an appeal in a criminal proceeding from a conviction and judgment of a justice of the peace, shall not appear according to the conditions of such recognizance, and the said recognizance shall have become forfeited by reason of the breach of the condition thereof, and such forfeiture shall have been entered on record by order of the circuit court, it shall be lawful for said court to issue a *capias* for the arrest of the appellant or defendant named in such recognizance to bring him before the court to answer to the complaint or prosecution against him in the proceedings in which such appeal was taken;" and, despite his objection that the recognizance was void, was required to enter into a new recognizance for his appearance. McPhee then moved to quash the proceedings on the grounds:

*a*—That the circuit court acquired no jurisdiction over him, or the action.

*b*—That the first recognizance was not such an one as the justice of the peace could take or require to be given, nor such an one as could be forfeited under How. Stat. sec. 9575.

*c*—That the order requiring a new recognizance was void.

The motion was denied, and McPhee was required to go to trial. It appearing that the clerk had omitted to enter in the journal of the court the order declaring the first recognizance forfeited and directing that a *capias* issue to bring McPhee before the court, permission was given to enter said order *nunc pro tunc.*